**Clarence J. PATTERSON, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 74–24–C6.

United States District Court, D. Kansas.

Dec. 10, 1974.

Ross E. Borders, Borders & Borders, Independence, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Benjamin L. Burgess, Jr., Asst. U. S. Atty., Wichita, Kan., and Caroline McB. French, Deputy Regional Atty., Paul P. Cacioppo, Regional Atty., Reg. VIII, Dept. H.E.W., Kansas City, Mo., for defendant.

## ORDER SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WESLEY E. BROWN, Chief Judge.

This action, for review of the final order of the Secretary of Health, Education and Welfare, denying plaintiff's application for disability benefits under the Social Security Act, is before the Court upon the motion of defendant for summary judgment.

Clarence J. Patterson filed his application for disability benefits on November 16, 1971, alleging disability since October 15, 1969, due to "back trouble." Mr. Patterson's earnings records establish that he met requirements for insured status up to September 30, 1972. The claim was initially denied by the Kansas State agency for vocational rehabilitation, and upon Patterson's request, a hearing was had on April 11, 1973, at which time plaintiff and a vocational expert appeared and testified. On September 21, 1973, the administrative law judge rendered a decision adverse to plaintiff, finding that he was not under a disability, as defined in the social security legislation, at any time before September 30, 1972. The Appeals Council of the Social Security Administration affirmed this decision on December 28, 1973, and this action for review followed.

A review of the record and transcript of hearing, filed in support of defendant's motion reveals that Mr. Patterson, age 45 at the time he filed claim for disability benefits, was engaged in farming for most of his adult life on property owned by his father, near Independence, Kansas. In 1967 or 1968, he inherited some property from his mother which he invested in a night club busi-

ness which he operated for approximately two years. Due to mismanagement, or other unfortunate circumstances, the business was not successful, he apparently lost his investment or signed the property over to his father, his wife divorced him, and he is presently living on welfare payments in a small apartment, partially supported by his father. Mr. Patterson has a high school education with average or above average grades, and apart from work on the family farm, and his brief experience in business, he has been employed as an egg candler, and his last work experience was driving a tractor in construction work for about four months in late 1968 and early 1969.

The medical evidence in this record reflects that plaintiff wears thick glasses due to cataract extractions which were done in 1942, but with glasses, his vision is corrected to 20/20 in each eye. There was some evidence that Mr. Patterson has a poorly functioning gall bladder, some gastritis, and a small shallow ulcer, but he does not complain or suggest that his visual problems or gastric condition are of such severity as to be disabling. The medical evidence relating to the claimed disability, that is, "back trouble" does substantiate the fact that Mr. Patterson began to experience back pain in June, 1971, when an examination revealed degenerative disc disease at the 4th and 5th lumbar interspaces and arthritic changes. He was hospitalized from December 12, 1971 through January 3, 1972 for conservative care consisting of traction and physical therapy. X-ray reports at this time showed moderate degenerative arthritis involving the lumbar spine with narrowing of disc spaces and spondylolysis at L-4. He was fitted for a back brace, discharged, and a follow-up report dated January 26, 1972, reveals that reflex patterns had returned to normal and pain in his right leg had decreased.

When all of the medical evidence is considered, it is clear, as the hearing examiner found, that Mr. Patterson is and has been unable to perform any heavy manual labor since about June, 1971. However, there is substantial evidence in the record to support the examiner's conclusion that Mr. Patterson is able to perform light, sedentary work such as bookkeeping, cashier or clerk in retail stores, or to perform bench assembly work, which jobs exist in significant numbers in the region where claimant lives.

It is the Court's opinion, and so concludes, the record establishes that there is substantial evidence to support the hearing examiner's determination that claimant Patterson was not under a "disability" as defined in the Social Security Act, as amended, at any time prior to September 30, 1972, the date he last met the earnings requirements. Under such circumstance, the Motion of Defendant for Summary Judgment should be sustained. Accordingly,

It is ordered that the Motion of Caspar W. Weinberger, Secretary of Health, Education and Welfare, for Summary Judgment be, and it is hereby Sustained;

It is further ordered that the Clerk enter Judgment in favor of Defendant and against Plaintiff, affirming the decision of the Appeals Council of the Department of Health, Education and Welfare, heretofore entered on the 28th day of December, 1973. The Clerk is directed to forward a copy of this Order to all parties herein.